IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TIFFANY ADAMS | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| KILOLO KIJAKAZI,[1] Acting | : | |
| Commissioner of Social Security | : | NO.  21-1586 |

**MEMORANDUM AND ORDER**

ELIZABETH T. HEY, U.S.M.J.                                              January  12, 2022

Tiffany Adams ("Plaintiff") seeks review of the Commissioner's ("Defendant")

decision denying her claims for disability insurance benefits ("DIB") and supplemental

security income ("SSI").  For the following reasons, I will grant the Defendant's

uncontested motion for remand and remand this matter for further proceedings.

## I.      PROCEDURAL HISTORY

Plaintiff was born on August 13, 1989, and protectively filed for DIB and SSI on

December 27, 2018, alleging disability as of December 1, 2018, due to type 1 diabetes,

---

[1]Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9,
2021.  Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Ms. Kijakazi
should be substituted for the former Commissioner of Social Security, Andrew Saul, as
the defendant in this action.  No further action need be taken to continue this suit
pursuant to section 205(g) of the Social Security Act.  42 U.S.C. § 405(g).

Addison's disease,[2]  Hashimoto's disease,[3] gastroparesis,[4] and Celiac disease.[5]  Tr. at 60,

68, 196, 203, 230.[6]  After her claims were denied initially, id. at 106-09, 110-14, and on

reconsideration, id. at 125-28, 129-32, she requested a hearing before an administrative

law judge ("ALJ"), id. at 134, 136, which was held on February 6, 2020.  Id. at 36-59.

On March 10, 2020, the ALJ issued her decision denying Plaintiff's claims.  Id. at 11-23.

On February 4, 2021, the Appeals Council denied Plaintiff's request for review, id. at 1-

---

[2]"In Addison's disease, your adrenal glands . . .  produce too little cortisol and, often, too little aldosterone."  See https://www.mayoclinic.org/diseases-conditions/addisons-disease/symptoms-causes/syc-20350293#:~:text=Addison's%20disease%2C%20also%20called%20adrenal,%2C%20often%2C%20too%20little%20aldosterone. (last visited Jan. 4, 2022).

[3]"Hashimoto's disease is a condition in which your immune system attacks your thyroid . . . . [and] . . .  often leads to an underactive thyroid gland (hypothyroidism)." See https://www.mayoclinic.org/diseases-conditions/hashimotos-disease/symptoms-causes/syc-20351855 (last visited Jan. 4, 2022).

[4]"[I]f you have gastroparesis, your stomach's motility is slowed down or doesn't work at all, preventing your stomach from emptying properly."  See https://www.mayoclinic.org/diseases-conditions/gastroparesis/symptoms-causes/syc-20355787#:~:text=Gastroparesis%20is%20a%20condition%20that,food%20through%20your%20digestive%20tract. (last visited Jan. 4, 2022).

[5]"If you have celiac disease, eating gluten triggers an immune response in your small intestine.  Over time, this reaction damages your small intestine's lining and prevents it from absorbing some nutrients (malabsorption).  The intestinal damage often causes diarrhea, fatigue, weight loss, bloating and anemia, and can lead to serious complications."  See https://www.mayoclinic.org/diseases-conditions/celiac-disease/symptoms-causes/syc-20352220 (last visited Jan. 4, 2022).

[6]Although Plaintiff did not list it in her disability report, tr. at 230, she testified at the administrative hearing that she suffers from depression that causes her to feel worthless and helpless.  Id. at 53.

4, making the ALJ's March 10, 2020 decision the final decision of the Commissioner. 20 C.F.R. §§ 404.981, 416.1472.

Plaintiff initiated this action by filing her complaint on April 2, 2021. Doc. 1. In response to Plaintiff's brief in support of her request for review, see Doc. 10, Defendant filed an uncontested motion for remand to allow an ALJ to "further evaluate Plaintiff's physical and mental impairments and residual functional capacity ["RFC"], offer Plaintiff the opportunity for a new hearing, and issue a new decision." Doc. 13 ¶ 3.[7]

## II.    DISCUSSION

Plaintiff's severe impairments as found by the ALJ include type 1 diabetes, obesity, and Addison's disease. Tr. at 14. The ALJ found that Plaintiff's hypothyroidism and depression were not severe. Id. at 14-16. The ALJ next found that Plaintiff's visual impairment did not meet or equal the Listings of impairments. Id. at 16. In her assessment of Plaintiff's RFC, the ALJ found Plaintiff capable of performing light work with certain postural and environmental limitations, with the notation that Plaintiff "can perform detailed work at the light exertional level, but requires a sit/stand option. She will not be off-task 10 percent of the time or more." Id. at 16-17.[8] Plaintiff contends that

---

[7]The parties consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c). See Standing Order, In RE: Direct Assignment of Social Security Appeal Cases to Magistrate Judges (Pilot Program) (E.D. Pa. Sept. 4, 2018); Doc. 4.

[8]"Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. §§ 404.1567(b), 416.967(b).

the ALJ erred in finding that she did not have a severe mental impairment, that her

impairments did not meet or equal the Listings, and by discrediting Plaintiff's complaints

based on her noncompliance with treatment without considering the reasons for the

noncompliance.  Doc. 10 at 2-12.

With respect to the ALJ's finding that Plaintiff's depression was not severe,

Plaintiff notes that consultative examiner Deborah Van Horn, Ph.D., the only examining

mental health professional whose opinion is in the record, found that Plaintiff had

moderate limitation in her abilities to understand, remember, and carry out complex

instructions, make judgments on complex work-related decisions, and respond

appropriately to usual work situations and to changes in a routine work setting.  Tr. at

739-40.  The ALJ was not persuaded by Dr. Van Horn's opinion, concluding that the

record did not support the doctor's findings of moderate limitations.  Id. at 15.  Likewise,

the ALJ found that the assessment by Thomas Fink, Ph.D., who conducted a records

review in August of 2019, was not persuasive as inconsistent with the record.  Id.  Dr.

Fink concluded that Plaintiff had moderate limitation in her abilities to carry out detailed

instructions, maintain attention and concentration for extended periods, and respond

appropriately to changes in the work setting.  Id. at 87, 89.  The ALJ failed to note that

these opinions were consistent with one another, specifically that both found moderate

limitation in Plaintiff's abilities to handle complex or detailed instructions and respond

appropriately to changes in the work setting.  Defendant has stated that on remand the

ALJ will further revaluate Plaintiff's mental impairments, and in doing so, the ALJ

should revisit the opinion evidence.

Plaintiff also complains that the ALJ failed in her consideration of whether Plaintiff's impairments met or medically equaled a Listing. Doc. 10 at 7-9. Further evaluation of Plaintiff's mental and physical impairments will require further consideration of the Listings. However, I note that the only Listings specifically considered by the ALJ in her decision dealt with vision. Tr. at 16 (discussing Listing 2.02 Loss of central visual acuity and Listing 2.04 Loss of visual efficiency or visual impairment in the better eye). It is incumbent upon the ALJ to consider all of the Listings relevant to Plaintiff's impairments and to consider the impairments in combination when considering the Listings.

Finally, Plaintiff argues that the ALJ relied on Plaintiff's noncompliance with recommended treatment in assessing Plaintiff's subjective complaints without considering any explanation for such noncompliance. Doc. 10 at 9-12. Throughout her opinion, the ALJ refers to Plaintiff's noncompliance. Tr. at 14 ("claimant is not noted to be taking Lexapro" for depression), 18 (missing appointments with endocrinologist, noncompliant with insulin program), 19-20 (emergency room treatment after being noncompliant with her insulin pump), 20 (without medication, claimant's glucose levels become elevated), 21 (emergency room visit occasioned by noncompliance with endocrine outpatient treatment). In her opinion, the ALJ did not consider evidence in the record that Plaintiff could not afford her insulin or other medically required equipment or had difficulty remembering to take her medication. Doc. 10 at 11 (citing tr. at 40 (Plaintiff testified that Humalog pump cost $320 for a vial lasting "a couple of weeks"), 47 (Plaintiff testified that she had a tendency to forget to take her medication and she

5

cannot afford the cost even after insurance coverage), 804 (Sirin Pandey, M.D., noting

Plaintiff could not afford sensor for insulin pump)).  Although the ALJ may consider

Plaintiff's failure to comply with treatment, Social Security Ruling ("SSR") 16-3p

requires the ALJ to consider the basis for such noncompliance.

> [I]f the individual fails to follow prescribed treatment that
> might improve symptoms, we may find the alleged intensity
> and persistence of an individual's symptoms are inconsistent
> with the overall evidence of record.  We will not find an
> individual's symptoms inconsistent with the evidence in the
> record on this basis without considering possible reasons he
> or she may not comply with treatment.

SSR 16-3p, Titles II and XVI:  Evaluation of Symptoms in Disability Claims, 2016 WL

1119029, at *8 (March 16, 2016).  Included among the examples presented in the Ruling

are the inability to afford the treatment or the existence of a mental impairment.  Id. at *9.

Here, the ALJ made no reference to the evidence indicating that Plaintiff was unable to

afford her diabetes medication and supplies.  Thus, it is unclear whether the ALJ

overlooked such evidence or did not find it compelling.  On remand, any reliance on a

failure to comply with treatment should be accompanied with a discussion of the reasons

Plaintiff offered for such noncompliance.

        Defendant has stated that on remand, an ALJ will "further evaluate Plaintiff's

physical and mental impairments and [RFC], offer Plaintiff the opportunity for a new

hearing, and issue a new decision."  Doc. 13 ¶ 3.  Because further evaluation of Plaintiff's

impairments should address the issues she has presented in her Request for Review, I will

grant Defendant's uncontested motion for remand.[9]

## III.   **CONCLUSION**

For the foregoing reasons, I will grant the Defendant's motion for remand.  An

appropriate Order and Judgment Order follow.

---

[9]Plaintiff also challenges the propriety of the appointment of the Commissioner. Doc. 10 at 13-15 (citing Seila Law LLC v. Consumer Fin. Prot. Bureau, 140 S. Ct. 2183 (2020)).  Because I will grant the Commissioner's uncontested remand motion, I do not find it necessary to address this claim at this time.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

TIFFANY ADAMS                          :          CIVIL ACTION
                                       :
          v.                           :
                                       :
KILOLO KIJAKAZI, Acting                :
Commissioner of Social Security        :          NO.  21-1586

**O R D E R**

AND NOW, this   12th     day of January, 2022, upon consideration of Plaintiff's

brief (Doc. 10), Defendant's Uncontested Motion to Remand (Doc. 13), and the

administrative record (Doc. 9), IT IS HEREBY ORDERED that the Motion for Remand

is GRANTED, and the case is REMANDED for further proceedings.

This remand is ordered pursuant to the fourth sentence of 42 U.S.C. § 405(g).  The

Clerk of Court shall mark this case closed for statistical purposes.

                              BY THE COURT:

                              /s/ Elizabeth T. Hey

                              _____

                              ELIZABETH T. HEY, U.S.M.J.